FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 JUL -9 AM 9: 25

CLERK
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES

v.                                    406CR006

SCOTT DANIEL SCHAEFER

## ORDER

### I. BACKGROUND

While represented by counsel, defendant Scott Daniel Schaefer pled guilty in this Court to violating 18 U.S.C. § 2252A(a)(5)(B), (Possession of Child Pornography). Doc. ## 11, 12, 13. He took no appeal. Over six months later, this Court received a letter from him[1] in which he explained that he wanted to appeal, his attorney told him that he "was on [his] own" and that his attempts to file a Notice of Appeal (NOA) failed, perhaps (he speculates) due to mail delivery miscues, or maybe because he failed to properly format his NOA's. Doc. # 14.

### II. ANALYSIS

Schaefer confronts a big roadblock here:

[S]ection 3742 of 18 U.S.C. provides that "[a] defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence ... was imposed in violation of law"; however, as in all cases, " '[a] timely notice of appeal is both mandatory and jurisdictional,' " *In re Special Grand Jury 89-2*, 450 F.3d 1159, 1166 (10th Cir.2006) (*quoting United States v. Espinosa-Talamantes*, 319 F.3d 1245 (10th Cir.2003)); *Bowles v. Russell*, 551 U.S. ----, 127 S.Ct. 2360, 2363 (2007) ("This Court has long held that the taking of an appeal within the prescribed time is mandatory and jurisdictional." (internal quotation omitted)), and the period in which a notice of appeal could have been timely filed in this matter expired years ago, *id.* (noting that "Fed.R.App.P. 4(b)(1)(A) ... requires a [criminal] defendant to file the notice [of appeal] within 10 days after entry of the judgment or order being appealed.").

*U.S. v. Smith*, 2007 WL 1810095 at * 2 (10th Cir. 6/25/07) (unpublished).

In *Smith*, the defendant evidently sought no appeal of his guilty-plea-predicated sentence, but instead waited ten years before filing a "motion to correct sentence and a petition for writ of mandamus." *Id.* at * 1. A district judge denied it on the merits. *Id.*

On appeal, the Tenth Circuit explored various grounds to support jurisdiction in *either* the district or appellate court, including under F.R.Cr.P. 35, 28 U.S.C. § 2255 (Smith's motion exceeded § 2255's one-year limitation period), 18 U.S.C. § 3582, and 18 U.S.C. § 3742. *Id.* at * 2. Because it could find no avenue to hear Smith's motion on the merits, the appellate court vacated the district court's ruling and directed a no-jurisdiction dismissal. *Id.*

---

[1] Letters like this are not welcome. Motions, briefs, etc., get *filed*, while letters get lost. In fact, the law places the burden upon litigants, not judges, to create their own record by filing record materials -- including legal arguments best presented in a *motion or brief* -- directly with the Clerk of Court. See *In re Unsolicited Letters to Federal Judges*, 120 F.Supp.2d 1073 (S.D.Ga. 2000); *see also* GA.CT.APP.R. 27(b) ("Parties are not permitted to file letter briefs nor letter cites").

Construing Schaefer's letter liberally here, *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007), the Court accepts it as either a F.R.App.P. 4(a)(6) request,[2] or a § 2255 motion.

However, it is too late for a Rule 4(a)(6) motion, *see supra* n. 2, and Schaefer's "claim is one that would typically be asserted in a § 2255 motion, *i.e.*, that [his] counsel failed to pursue [his] appeal or abandoned [him] on appeal," *U.S. v. Zarate*, 2006 WL 3805652 at *2 (S.D.Tex. 12/22/06) (unpublished), § 2255 is his only option.[3] But that beckons "*Castro*" consideration, *see Castro v. U.S.*, 540 U.S. 375, 383 (2003) ("[W]hen a court recharacterizes a pro se litigant's motion as a first § 2255 motion ... the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it...."); *U.S. v. Thomas*, 2007 WL 624538 at * 1 (N.D.Fla. 2/28/07) (unpublished). Under *Castro*, then, Schaefer

> is advised that if [h]e files a § 2255 motion asserting a claim of ineffective assistance of counsel, [h]e may be prohibited from asserting additional § 2255 claims in the future and from filing any subsequent § 2255 motion. *See* 28 U.S.C. § 2255 (prohibiting the filing of a "second or successive motion" unless certain procedural steps are taken and certain prerequisites are met). That is,

---

[2] That rule provides:

> (6) Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

F.R.App.P. 4(a)(6). Here the Court entered its judgment on 6/18/06 but Schaefer signed (and is presumed to have mail-filed) his letter on 1/23/07. *Washington v. U.S.*, 243 F.3d 1300, 1300-01 (11th Cir. 2001) (prison mailbox rule). That 219-day period places him beyond the 180 day limit set forth in Rule 4(a)(6)(B). In that Rule 4(a)(6)(B) is mandatory and jurisdictional, *Bowles*, 127 S.Ct. at 2363, Schaefer cannot invoke it here.

[3] If § 2255 relief (basically, to enable an out-of-time appeal) is granted, the Court would then have to undertake some additional steps:

> (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that reimposed sentence is ten days, which is dictated by Rule 4(b)(1)(A)(I).

*U.S. v. Martin*, 206 Fed.Appx. 893, 894 (11th Cir. 2006) (quoting *U.S. v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000)).

before [h]e will be permitted to file a second or successive § 2255 motion before the district court, [Schaefer] will be required to seek, and acquire, the approval of the [Eleventh] Circuit and will have to establish certain grounds in order to obtain that approval. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir.2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *United States v. Orozco-Ramirez*, 211 F.3d 862 (5th Cir.2000) (discussing what constitutes a second or successive claim where a defendant's first § 2255 results in an out-of-time appeal). Thus, any and all claims that [Schaefer] wishes the Court to consider should be asserted in any § 2255 motion [h]e files.

*Zarate*, 2006 WL 3805652 at *2 (footnote omitted).

Schaefer's letter-motion for leave to file an out-of-time appeal therefore is **DENIED**. The Clerk, however, shall include blank § 2255 forms with service of this Order upon him. If the Court receives a § 2255 motion from him within 30 days of the date this Order is served, it will deem it filed 1/23/07, the date of his letter-motion, thus construing his letter-motion as a § 2255 motion and any follow-up filing as an amendment.[4] Upon receipt of such § 2255 filing, the Clerk shall refer it (and thus this entire case) to the Magistrate Judge (MJ) for further processing. Given Schaefer's *pro se*, incarcerated status, the Court grants him leave to file a bare-bones § 2255 motion (to meet the 30-day deadline) and directs the MJ to liberally grant him any motion leave to amend the § 2255 motion, subject to reasonable time constraints.

This __ day of July, 2007.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[4] The Eleventh Circuit has been reasonably solicitous of litigants in Schaefer's position. *See Bolton v. U.S.*, ___ Fed.Appx. ___, 2007 WL 906419 at * 2-3 (11th Cir. 3/27/07) (motion to vacate, set aside, or correct sentence on basis of ineffective assistance of counsel was facially sufficient to require evidentiary hearing to determine whether defendant requested trial counsel to file notice of appeal thereby entitling defendant to out-of-time appeal; affidavits submitted on defendant's behalf could not be reconciled with claims advanced by trial counsel, as to whether defendant requested filing of notice of appeal); *Pliego-Duarte v. U.S.*, 199 Fed.Appx. 855, 857 (11th Cir. 2006); *id.* at 858 (defendant, who asserted in his motion to vacate that he was denied effective assistance of counsel when his lawyer failed to comply with his request to file a notice of appeal in his criminal case, was entitled to an out-of-time appeal, although he waived most of his appellate rights in his plea agreement); *Hernandez v. U.S.*, 212 Fed.Appx. 832, 835 (11th Cir. 2006) (movant seeking to vacate, set aside, or correct sentence imposed following his guilty-plea conviction of drug and weapons charges was entitled to evidentiary hearing on his claim that his trial counsel rendered ineffective assistance by failing to file notice of appeal as explicitly requested by movant, where prejudice would be presumed, and movant would be entitled to out-of-time appeal, if evidence established either that movant's counsel acted contrary to movant's wishes or that he failed to fulfill his duty to attempt to determine movant's wishes).