# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| SCOTT DANIEL SCHAEFER, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. CV407-105 |
| ) | [CR406-006] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Scott Daniel Schaefer has filed a motion to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255. (Doc. 1.)[1] The government concedes that Schaefer is entitled to an out-of-time appeal. (Doc. 5.) For the following reasons, the Court agrees with this assessment.

On January 11, 2006, a federal grand jury returned an indictment charging Schaefer with receipt of child pornography and possession of child pornography. (Cr. doc. 1.) On April 5, 2006,

---

[1] Unless otherwise noted, citations are to the docket in movant's civil case, CV407-105. "Cr. doc." refers to documents filed under movant's criminal case, CR406-006.

Schaefer entered a negotiated guilty plea to Count 2 of the indictment (possession of child pornography). (Cr. doc. 10.) On June 8, 2006, the Court sentenced Schaefer to 108 months' imprisonment and three years' supervised release. (Cr. doc. 13.)

Schaefer contends that, after sentencing, he expressed his desire to appeal to his retained counsel, John Lloyd. (Doc. 1 at 5.) In response, Mr. Lloyd allegedly told him, "don't drag me into it, you're on your own" and then "abandoned" Schaefer.² (Id.) The law is well settled "that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000); Montemoino v. United States, 68 F.3d 416, 417 (11th Cir. 1995) (per curiam). Because a defendant is entitled to a direct appeal from his conviction as a matter of right,

---

² While allegations that defense counsel neglected to file a requested appeal are not uncommon, relatively few such claims pan out once the Court explores the issue during an evidentiary hearing. (Often in such cases, the desire to appeal does not surface until after the defendant arrives at the prison where he is to serve his sentence and receives advice from the resident jailhouse lawyer. Unfortunately, that advice frequently involves the assertion of bogus claims). Here, Mr. Lloyd has disputed Schaefer's contention that he timely requested Lloyd to file an appeal. As discussed below, however, it is not necessary for the Court to conduct an evidentiary hearing to determine whether Schaefer actually requested his attorney to file an appeal, for the government concedes that even if such a request was never made, Schaefer is still entitled to an out-of-time appeal in this case.

Rodriguez v. United States, 395 U.S. 327, 329-30 (1969), "an attorney's failure to file an appeal after the defendant requests him to do so entitles the defendant to an out-of-time appeal, even without a showing that there would have been any viable grounds for an appeal." Montemoino, 68 F.3d at 417; Flores-Ortega, 528 U.S. at 477.

While the government disputes Schaefer's contention that he asked Lloyd to file a notice of appeal, (Doc. 5 at 5), it nevertheless concedes that Schaefer should be granted an out-of-time appeal, reasoning that Lloyd failed to "consult" with his client as that term is defined by the Eleventh Circuit's recent decision in Thompson v. United States, 504 F.3d 1203 (11th Cir. 2007). (Id. at 5-6.) Even if a defendant never directly asks his attorney to file an appeal on his behalf, in most cases counsel has a duty to consult with his client about whether he wishes to pursue an appeal. Flores-Ortega, 528 U.S. at 481. If counsel properly consults with his client, "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Id. at 478. However, "[i]f counsel has not consulted with

3

the defendant, the court must . . . ask a second, and subsidiary question: whether counsel's failure to consult with the defendant itself constitutes deficient performance." Id.

To answer the first question, whether counsel did in fact consult with movant, the Eleventh Circuit recently held that "adequate consultation requires informing a client about his right to appeal, advising the client about the advantages and disadvantages of taking an appeal, and making a reasonable effort to determine whether the client wishes to pursue an appeal, regardless of the merits of such an appeal." Thompson, 504 F.3d at 1206. The Thompson court indicated that unless counsel explains the appellate process and the potential benefits and risks (if any) of an appeal, then his client lacks the necessary information "from which he could have intelligently and knowingly either asserted or waived his right to an appeal." Id. at 1207. Here, after discussing the Thompson opinion with Lloyd, the government is prepared to concede that Lloyd did not meet the rigorous consultation requirement set forth in Thompson, and therefore "an out-of-time appeal would be appropriate" in this case. (Doc. 5 at 6.) As there is

no indication from the record that counsel attempted "to discover [Schaefer's] *informed* wishes regarding an appeal," Thompson, 504 F.3d at 1207 (emphasis added), the Court finds that counsel's consultation was inadequate.

The Court must next ask "whether counsel's failure to consult with the [movant] itself constitutes deficient performance." Flores-Ortega, 528 U.S. at 478. To determine whether performance was deficient, the Court must determine whether counsel had a duty to consult with Schaefer in this case, and, if so, whether Schaefer was prejudiced by the failure to consult. Id. at 481; Thompson, 504 F.3d at 1207; see Strickland v. Washington, 466 U.S. 668, 687 (1984).

Although the better practice is to consult in every case, counsel has a constitutionally imposed duty to consult only "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal); or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Flores-Ortega, 528 U.S. at 480. "In making this

determination, courts must take into account all information counsel knew or should have known." Id. The government concedes that there was a duty to consult in this case. (Doc. 5 at 6.) After independently reviewing the record, the Court cannot conclusively say otherwise. Schaefer raised objections to his presentence investigation report, and he received a sentence at the upper end of the applicable sentencing guidelines. (Id. at 3.) Considering the lengthy sentence imposed and the objections Schaefer raised, "it cannot be said that no rational defendant would have wanted to appeal the . . . sentence imposed under the facts of this case." Thompson, 504 F.3d at 1208.

Finally, Schaefer must show that he was prejudiced by counsel's deficient performance. Flores-Ortega, 528 U.S. at 481; see Strickland, 466 U.S. at 687. Prejudice requires a showing that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Flores-Ortega, 528 U.S. at 484. Because direct appeals of a federal sentence are a matter of right, this Court must determine whether Schaefer likely would have appealed without

regard to the putative merits of the appeal. Id. at 485-86. Once again, the government apparently concedes that Schaefer would have appealed if he had been properly advised of the appellate process and the potential advantages of an appeal, as required by Thompson. (Doc. 5 at 5-6.) Furthermore, there is no evidence in the record indicating that Schaefer would not have appealed if he had been properly consulted. Accordingly, the Court finds that Schaefer was prejudiced by the failure in consultation.

In conclusion, counsel had a duty to consult with Schaefer regarding an appeal, he failed to do so within the meaning of Thompson, and that failure prejudiced Schaefer. This § 2255 motion, therefore, should be **GRANTED** so that Schaefer may pursue an out-of-time direct appeal.

The Eleventh Circuit set forth the procedure courts are to follow when granting out-of-time appeals in United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000). Pursuant to Phillips, (1) the judgment in Schaefer's criminal case should be vacated; (2) the court should enter a new judgment imposing the same sentence; (3) Schaefer should be informed of all of his rights

associated with filing an appeal of his reimposed sentence, and (4) Schaefer should be advised that he has ten days from the date of the reimposition of his sentence to file a timely appeal in accordance with Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure. Id.

Schaefer must be afforded counsel to represent him during his direct appeal. Accordingly, the Court **DIRECTS** the Clerk to include the necessary forms for Schaefer to fill out to request court appointed counsel. If Schaefer wishes to have the court appoint counsel for him, he must submit the forms within ten (10) days.[3]

**SO REPORTED AND RECOMMENDED** this 17th day of April, 2008.

/s/ G.R. SMITH
UNITED STATES MAGISTRATE COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] The Court assumes that Schaefer would like court appointed counsel based on his January 29, 2007 motion, in which he states that he does not "have the funds to hire someone" and requests a "public defender." (Cr. doc. 14.)