UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

SCOTT DANIEL SCHAEFER,

Movant,

v. 407CV105
406CR006

UNITED STATES OF AMERICA.

## ORDER

Before the Court is Scott Daniel Schaefer's motion to vacate judgment so that he may take an out-of-time direct appeal. Doc. # 10.[1] The Court previously sentenced Schaefer to 108 months custody and 3 years supervised release for possession of child pornography. 406CR006, doc. # 13. After Schaefer filed a *pro se* 28 U.S.C. § 2255 motion, doc. # 1, the magistrate judge entered a report and recommendation (R&R) finding that the motion should be granted on the basis that Schaefer's trial counsel failed to consult with him regarding his desire to appeal. Doc. # 6. The Court adopted the R&R as its Order and granted permission for Schaefer to pursue an out of time direct appeal. Doc. # 8. Schaeffer filed a notice of appeal (NOA) on 5/29/08. 406CR006, doc. # 28.

On 10/2/08 the Court of Appeals for the Eleventh Circuit dismissed Schaefer's appeal for lack of jurisdiction for failure to follow the established procedure in granting an out-of-time appeal. It held that "[a]lthough the district court granted Schaeffer's motion to vacate pursuant to § 28 U.S.C. § 2255 so that he could pursue an out-of-time appeal, the district court failed to follow the four-step procedure outlined in *United States v. Phillips*,

---

[1] All citations to the docket reference case number 407CV105 unless otherwise specified.

225 F.3d 1198, 1201 (11th Cir. 2000)." Doc. # 35. That four-step procedure instructs that: (1) the judgment in movant's criminal case should be vacated; (2) the court should enter a new judgment imposing the same sentence; (3) movant should be informed of all of his rights associated with filing an appeal of his reimposed sentence, and (4) movant should be advised that he has ten days from the date of the reimposition of his sentence to file a timely appeal in accordance with F.R.App.P 4(b)(1)(A)(i). *Phillips,* 225 F.3d at 1201. The Court's prior Order did not follow that formal procedure, and this Order corrects that.

Pursuant to *Phillips*, the Court construes Schaefer's motion to vacate judgment, doc. # 10, as a F.R.Civ.P. 60(b)(6) motion to amend the Court's previous Order granting § 2255 relief. The Court **GRANTS** that 60(b) motion and **AMENDS** its prior §2255 Order, doc. # 8, to provide the following remedy:

The Judgment in Schaefer's underlying criminal case (406CR006, doc. # 13) is **VACATED**. Simultaneous with the entry of this Order, the Court is entering a new Judgment and Commitment Order (J&C) reimposing the same sentence, identical in all respects to the original J&C (406CR006, doc. # 13), save only for the date of entry.

The Court **HEREBY ADVISES** Schaefer that with the entry of the new J&C, he shall have all the rights associated with an appeal from any criminal sentence. The Court also specifically advises Schaefer that the entry of the new J&C creates a ten-day period within which he may prosecute a direct appeal of his criminal sentence. Thus, Schaefer shall have **TEN DAYS** from the date of entry of the J&C to file a notice of appeal. *Failure to file a notice of appeal with this Court within ten days will result in him giving up and waiving his right to appeal.* The government may also file an appeal from this sentence.

The Court also advises Schaefer that he is entitled to the assistance of counsel in taking

an appeal. His court-appointed counsel for purposes of direct appeal is William H. Pinson, Jr. By copy, his appointed counsel is informed of this Order and Schaefer's concomitant rights.

This 18th day of May 2009.

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA